UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JULIAN HALL,

                                    Petitioner,        16-CV-3519 (SJ)
                                                              03-CR-910 (SJ)

     v.

                                                            **MEMORANDUM**
UNITED STATES OF AMERICA,                  **AND ORDER**

                                    Respondent.
-------------------------------------------------------------------x
APPEARANCES:

JULIAN RENE HALL
No. 24024-056
CI North Lake
P.O. Box 1500
Baldwin, Michigan 49304
Petitioner *Pro Se*

BREON PEACE
United States Attorney for the Eastern District of New York
271 Cadman Plaza East
Brooklyn, New York 11201
By:   Monica K. Castro
        Megan E. Farrell
*Attorneys for United States of America*

**JOHNSON**, Senior District Judge:

      In January 2006, petitioner Julian Hall pleaded guilty to a single count of causing death through the use of a firearm in connection with a

drug trafficking offense—a violation of 18 U.S.C. § 924(j)(1). In June 2016—approximately nine years after he was sentenced to 292 months' imprisonment but only one year after the Supreme Court's decision in *Johnson v. United States*, 576 U.S. 591 (2015)—Hall, proceeding *pro se*, filed the instant motion to vacate his conviction pursuant to 28 U.S.C. § 2255, arguing that the conviction can no longer be sustained in light of *Johnson*. As explained below, Hall misconstrues the implications of *Johnson* for his case. Accordingly, his motion is denied.

## BACKGROUND

In a superseding indictment filed in May 2005, Hall was charged with drug- and weapon-related offenses. Although the indictment contained eleven counts, only three are relevant here. Count Two charged that in or about and between 1999 and 2003, Hall distributed and possessed with intent to distribute marijuana. Count Four charged that on or about January 22, 2001, Hall "did knowingly and intentionally use and carry a firearm during and in relation to ... the crime charged in Count Two, and did knowingly and intentionally possess a firearm in furtherance of said drug trafficking crime" in violation of 18 U.S.C. § 924(c)(1)(A)(iii). And Count Five charged that Hall violated 18 U.S.C. § 924(j)(1) when "in the course of a violation of Title 18, United States Code, Section 924(c), to wit,

2

the crime charged in Count Two," he knowingly and intentionally "caused the death of another through use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111(a) ...."

On January 3, 2006, less than three weeks before he was scheduled to go to trial before Judge Sifton, Hall pleaded guilty to Count Five in satisfaction of the indictment. On June 7, 2007, Judge Sifton sentenced Hall to a term of 292 months' imprisonment. Although Hall filed a notice of appeal, his appellate counsel moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967). That motion and the Government's motion for summary affirmance were granted in March 2009.

The Instant Motion

On June 27, 2016, the Court received from Hall a *pro se* motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. In that motion, Hall asserted that *Johnson v. United States, supra*, "call[ed] into question the constitutionality of 18 U.S.C. § 924(j)," the statute he was convicted of violating, and therefore "provides new grounds for dismissal." This assertion is premised on Hall's representation that he "pled guilty to one count of using a firearm during and in relation to a 'crime of violence' in which it caused death of a person, in violation 18 U.S.C. 924(j) (Count 5)." (Motion (Doc. No. 880 in No. 03-CR-910 (SJ)) at 4.)

3

In its letter opposing the motion, the Government questions that premise. The Government agrees that Hall "was convicted under 18 U.S.C. § 924(j), which applies where a defendant has committed a murder in the course of a violation of 18 U.S.C. 924(c)." (Opposition (Doc. No. 907 in No. 03-CR-910 (SJ)) at 2.) It further concedes that "§ 924(c), in turn, criminalizes using and carrying a firearm 'during and in relation to any crime of violence or drug trafficking crime,' or possession of a firearm in furtherance of such crimes." (Opposition at 2.) However, the Government points out that "Hall was not convicted or sentenced under the 'crime of violence' prong of 18 U.S.C. § 924(c)," but "was sentenced under the 'drug trafficking' prong …." (Opposition at 2.) Since *Johnson* pertained solely to the "crime of violence" prong, the Government concludes that "Hall's reliance upon *Johnson* is entirely misplaced." (*Id.*)

## DISCUSSION

Although the Government's analysis is correct, the law relating to this case has developed somewhat since the Government filed its response. In light of Hall's *pro se* status, the Court will briefly discuss those developments in order to provide a fuller explanation of why Hall's motion is without merit.

*Johnson*, the case on which Hall's motion relies, involved the direct appeal of a person who was convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. § 922(g). Under the Armed Career Criminal Act of 1984 ("ACCA"), a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines the term "violent felony" to mean:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another ....

18 U.S.C. § 924(e)(2)(B).

Johnson's sentence was greatly enhanced when the district court determined that his prior convictions involved "conduct that presents a serious potential risk of physical injury to another." On appeal, he argued that this portion of § 924(e)(2)(B)(ii) — the so-called "ACCA residual clause" — was unconstitutionally vague. The Supreme Court agreed with

5

Johnson. First, the Court held that the clause left "grave uncertainty about how to estimate the risk posed by a crime." *Johnson*, 576 U.S. at 597. Second, the Court held that the clause left "uncertainty about how much risk it takes for a crime to qualify as a violent felony." *Id.* at 598. However, while the Court held that this particular clause was unconstitutionally vague and that "imposing an increased sentence under the residual clause … violates the Constitution's guarantee of due process," the Court was careful to note that its decision did not "call into question … the remainder of the Act's definition of a violent felony." *Id.* at 606.

By the time the Government filed its response to Hall's motion in June 2018, courts had begun applying *Johnson* to invalidate similar residual clauses. In April 2018, the Supreme Court held that a "similarly worded" residual clause in 18 U.S.C. § 16—the federal criminal code's definition of "crime of violence"—was also unconstitutionally vague. *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). That residual clause defined a "crime of violence" as a felony "that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 16(b).

In addition, circuit courts had begun applying the *Johnson* analysis to the residual clause in 18 U.S.C. § 924(c)(3). *United States v. Raghoonanan*, No.

6

12-CR-158, 2018 WL 1084053, at *14 (D. Vt. Jan. 10, 2018), *report and recommendation adopted*, No. 12-CR-158, 2018 WL 1083500 (D. Vt. Feb. 26, 2018). Section 924(c)(3) defines the term "crime of violence" in two subparts, stating:

> For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The second subpart, the "residual cause," bears some similarity to the residual clause in § 924(e)(2)(B), *see, e.g., In re Pinder*, 824 F.3d 977, 978–79 (11th Cir. 2016) (noting the similarity), and is identical to the residual clause in § 16(b). This prompted some circuits to hold that § 924(c)(3)(B) was also unconstitutionally vague. *See, e.g., United States v. Simms*, 914 F.3d 229, 252 (4th Cir. 2019); *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016). However, despite *Dimaya*, other circuit courts— including the Second Circuit—disagreed. *See, e.g., United States v. Douglas*, 907 F.3d 1, 8 (1st Cir. 2018); *United States v. Barrett*, 903 F.3d 166, 184 (2d Cir. 2018); *Ovalles v. United States*, 905 F.3d 1231, 1234 (11th Cir. 2018) (*en banc*).

7

The year after the Government filed its opposition papers in this case, the Supreme Court resolved this circuit split, holding that § 924(c)(3)(B) was unconstitutional for the reasons set forth in *Johnson* and *Dimaya*. *United States v. Davis*, 139 S. Ct. 2319 (2019). For present purposes, there is no need to discuss *Davis* except to note that the Supreme Court invalidated only the residual clause; it did not hold that any other provisions of § 924(c) were unconstitutional. *See United States v. Armstrong*, No. 21-11252, 2021 WL 5919822, at *1 (11th Cir. Dec. 15, 2021) (*per curiam*) (noting that § 924(c)(3)(A) was not invalidated).

Though *Davis* caused some convictions to be vacated, it does not affect Hall's conviction. Hall's indictment and conviction are completely unrelated to § 924(c)(3)(B). Section 924(c) provides a sentencing enhancement for "any person who, during and in relation to any crime of violence *or drug trafficking crime* ... , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm ...." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Hall was charged with violating § 924(c) by using a firearm during and in relation to a drug trafficking crime, not a crime of violence. Specifically, Count Four of the indictment charged Hall with using and carrying a firearm "during and in relation to ... the crime charged in Count Two"—a count which charged Hall with distributing and

possessing with intent to distribute marijuana. Hall ultimately pleaded guilty to Count Five, which charged him with violating 18 U.S.C. § 924(j)(1) by committing a murder in the course of this violation of § 924(c). Since Hall was neither charged with, nor convicted of, possessing, carrying, or using a firearm during and in relation to a crime of violence, *Johnson* and *Davis* do not provide a basis for vacating his conviction.

## CONCLUSION

For the reasons stated above, Hall's motion to vacate his conviction pursuant to 28 U.S.C. § 2255 is denied. Because Hall has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of Court is respectfully requested to mail a copy of this Memorandum and Order to Hall at CI North Lake, P.O. Box 1500, Baldwin, Michigan 49304, where he is currently incarcerated.

**SO ORDERED.**

Dated: March 6, 2022
Brooklyn, New York

Sterling Johnson, Jr., U.S.D.J.